**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530-0001,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. ("Plaintiff") brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. ("Plaintiff") is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes

the responses it receives and disseminates its findings and any responsive records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice ("DOJ") is an agency of the United States Government and is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530-0001. On information and belief, DOJ has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On June 21, 2018, Plaintiff submitted a FOIA request to DOJ seeking the following records:

> All emails of Allison Hrabar, a GS-7 paralegal specialist with DOJ, containing any of the following words:  Trump, Trumptard, socialist.

The timeframe for the requested records was identified as "May 21, 2018 to the present."

6. By a letter dated July 17, 2018, DOJ's Antitrust Division acknowledged receipt of Plaintiff's request on July 2, 2018. The letter stated that the request had been assigned FOIA Request No. ATFY18-129. The letter further stated that DOJ would not comply with the request within the statutorily required deadlines.

7. As of the date of this Complaint, DOJ has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records they intend to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Defendant is violating FOIA by failing and/or refusing to search for, identify, and produce any and all non-exempt records responsive to Plaintiff's request.

10. Plaintiff is being irreparably harmed by Defendant's violations of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

11. Defendant was required to determine whether to comply with Plaintiff's request within at most thirty (30) working days of receiving the request. Accordingly, Defendant's determinations were due by August 14, 2018 at the latest. By this date Defendant was required to: (i) gather and review the requested documents; (ii) make and communicate to Plaintiff a determination about the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adverse determination. *See, e.g., Citizens for Responsibility and Ethics in Wash. v. Federal Election Comm'n*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

12. Because Defendant failed to determine whether to comply with Plaintiff's request within the time required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

13. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's request and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records

responsive to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  August 20, 2018				Respectfully submitted,

*/s/  James F. Peterson*
James F. Peterson
D.C. Bar No. 450171
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Phone: (202) 646-5172

*Counsel for Plaintiff*